A. G. FILE NO.



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. K. Wilkinson
County Auditor
Hill County
Hillsboro, Texas

Dear Sir:

Opinion No. O-1380
Re: Is there any means by which
constables may act and draw
pay as grand jury bailiffs?

Your request for our opinion on the above stated
question has been received by this department.

Your letter reads, in part, as follows:

"Sometime ago your office gave this office
an opinion to the effect that constables could
not act and receive pay as Grand Jury Bailiffs.

"The constables of this county have learn-
ed that in adjoining counties they are still
using these officers as bailiffs and they under-
stand that where there are more than one county
in a district then this rule set out in your
opinion does not apply and that in districts
such as ours where there is only one county in
the district that they may serve as bailiffs.

"Will you please advise me whether there
is any means by which we may allow these of-
ficers to act and draw pay as such bailiffs."

In an opinion written June 11, 1931, by Honorable
Bruce W. Bryant, Assistant Attorney General, this depart-
ment held that a constable could not accept the office of
bailiff for the grand jury and receive pay therefor.

This department in our opinion No. O-122, found
in Book 1, Vol. 1, page 20 of the Monthly Reports of the

Attorney General, has held that under Article 16, Section 40, of the Constitution of Texas, a deputy sheriff would not be authorized to serve and accept pay as bailiff to the grand jury.

This department held in an opinion addressed to Mr. Gerald Stockard, Denton, Texas, in opinion No. O-880 that a constable cannot serve as bailiff for the grand jury and receive pay therefor.

Article 6878, Revised Civil Statutes, reads as follows:

"The qualified voters of each justice precinct at each general election shall elect a constable for such precinct for a term of two years."

Section 33 of Article 16 of the Texas Constitution, reads in part, as follows:

"The accounting officers of this state shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this state or the United States, except as prescribed in this Constitution."

Section 40, Article 16, of the Texas Constituion, provides in part as follows:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of Justice of the Peace, County Commissioner, Notary Public and Postmaster, Officer of National Guard, the National Guard Reserve, and the Officers Reserve Corp of the United States as enlisted men of the National Guard, the National Guard Reserve, and the organized Reserves of the United States, and retired Officers of the United States Army, Navy, and Marine Corp, and Retired Warrant Officers, and Retired Enlisted men of the United States Army, Navy, and Marine Corp, unless otherwise specifically provided herein * * **"

Section 40, Article 16, of the Texas Constitution, supra, prohibits the holding at the same time more than one civil office of emolument, except those offices named therein.

It is well established that a constable is a public officer. Murray vs. State, 67 S. R. (2d) 274; Tex. Jur., Vol. 34, p. 601; and Tex. Jur., Vol. 38, p. 438.

A grand jury bailiff is also an officer, his appointment being provided for by statute, his tenure of office being limited as to time, and an oath of office being required from him. Articles 367, 367a, 367b and 368, Code of Criminal Procedure; Curlla vs. State, 28 S. W. (2d) 541.

This department has repeatedly held that a constable cannot serve as bailiff for the grand jury and receive pay therefor.

It is immaterial whether there is more than one county in a district or not, the same rule applies in all counties prohibiting constables from serving as bailiffs for the grand jury and receiving pay for such service.

You are respectfully advised that it is the opinion of this department that a constable is prohibited by the Constitution from serving and accepting pay as a grand jury bailiff while such constable retains his office as constable.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED SEP 22, 1939

Graedc. Mann

ATTORNEY GENERAL OF TEXAS

AW:LM

APPROVED
OPINION
COMMITTEE